UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARL KRUG, on behalf of himself and all those similarly situated,<br>Plaintiff,<br><br>vs.<br><br>FORSTER, GARBUS & GARBUS, a New Jersey partnership, and Glen Garbus,<br>Defendants. | Case 2:10-cv-01844-MAS<br><br><br><br>FINAL ORDER AND JUDGMENT<br>WITH<br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

This matter having come before the Court for a hearing on January 9, 2012, 2010 in accordance with the Court's Order dated October 19, 2011 [Doc. 31] and pursuant to Fed.R.Civ.P. 23(e)(2), and the parties having consented to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings [see Doc. 29], and based on the docketed materials and the representations of counsel at the hearing, the Court finds and concludes:

I. **NATURE OF THE CASE**

A. Plaintiff filed this lawsuit on April 10, 2010. [Doc. 1]. Plaintiff is a consumer from New Jersey who allegedly became delinquent on a consumer debt. Defendant, FORSTER, GARBUS & GARBUS, a debt collector, is organized as a New Jersey general partnership, and attempted to collect the alleged debt from Plaintiff. Plaintiff contends that, in attempting to collect the alleged consumer debt, and other debts from the Class he seeks to represent, Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.*

        ("FDCPA"). In his First Amended Complaint [Doc. 4], Plaintiff alleges among other things that, in violation of 15 U.S.C. § 1692e(3), FORSTER, GARBUS & GARBUS filed collection complaints in the Superior Court of New Jersey venued in Cumberland County "against the members of the Class [which] falsely, deceptively, and misleadingly represented that there was meaningful review or involvement by a licensed attorney prior to those complaints being filed and served." See, Doc. 4 at ¶56.

B.    In its Answer to Plaintiffs' Complaint [Doc. 7], Defendant denies Plaintiff's allegations, denies that it violated the FDCPA, and asserts nine Separate Defenses including that any alleged violation, if it was a violation, was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid the violation.

C.    Over the course of several months, counsel for the Plaintiff and Defendants have reviewed and analyzed the complex legal and factual issues present in this Action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement from Defendant, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more appeals of procedural and substantive issues.

D.    Based upon these reviews and analyses, the Plaintiff and Defendants embarked upon and concluded comprehensive settlement discussions, with the assistance of this Court, which ultimately resulted in their execution of the Settlement Agreement and General Release ("Settlement"), a copy of which was filed with

        the Court on March 9, 2011 in Doc. 28 starting at PageID 111.

E.   Defendant has made certain representations during the discovery phase of this Action to Class Counsel concerning the number of class members; specifically, there exists a pool of potential Class Members totaling 221.

F.   Defendant has further confirmed in discovery that the amount agreed to be paid as statutory damages to the Class is more than the maximum amount of statutory damages under 15 U.S.C. § 1692k that could be recovered if a litigation class were to be certified and the Class Representative were to prevail on the merits at trial and on any appeal.

## II. CLASS CERTIFICATION UNDER Fed.R.Civ.P. 23(a)

A.   Under Rule 23(a) of the Federal Rules of Civil Procedure one or more members of a class may sue or be sued as representative on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the class representative will fairly and adequately protect the interests of the class. These four elements are referred to as: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.

B.   *Numerosity.* Based upon information received from Defendant, there are 221 members of the Class. This is sufficient for numerosity. See, *Stewart v. Abraham,* 275 F.3d 220, 226-27 (3d Cir. 2001); *Jones v. Corzine,* 2010 U.S. Dist. LEXIS 47665, *20 (D.NJ. May 13, 2010) (putative class of 317 satisfied numerosity requirement); see also, *Weiss v. York Hospital,* 745 F.2d 786, 808 (3d Cir. 1984)

(clarifying that classes that include hundreds of members suffice for purposes of this prerequisite); *McMahon Books, Inc. v. Willow Grove Assocs.*, 108 F.R.D. 32, 35 (E.D. Pa. 1985) (joinder impracticable in class of between 30 and 50 members).

C. *Commonality.* A common nucleus of operative fact is sufficient to satisfy the commonality requirement of Rule 23(a)(2). *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (commonality found because all class members were subject to same harm); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The Court finds that there are common questions of law or fact affecting the Class including whether FORSTER, GARBUS & GARBUS filed collection complaints against the members of the Class which falsely, deceptively, and misleadingly represented that there was meaningful review or involvement by a licensed attorney prior to those complaints being filed and served and whether such conduct violated 15 U.S.C. § 1692e(3), and whether Plaintiff and the Class Members are entitled to recover statutory damages and, if so, in what amount, and whether Plaintiff and the Settlement Class Members are entitled to recover attorney's fees and costs and, if so, in what amount.

D. *Typicality.* A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998); see also, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality is satisfied if

each class member's claims arise from same course of conduct and present similar legal theories). The typicality prong is analyzed by asking whether the named plaintiff has incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994), *citing* 3B Moore & Kennedy, P 23.06-02; 1 Newberg & Conte, § 3.13. See also, *Beck v. Maximus*, 457 F.3d 291, 295-96 (3d Cir. 2006). The Court finds that Plaintiff's claims are typical of the claims of the Settlement Class. Specifically, Plaintiff alleges that FORSTER, GARBUS & GARBUS filed a collection complaint against Plaintiff and that his claims arise from the conduct leading up to and including the service of that complaint while the claims of the absent class members are the same..

E. *Adequacy.* In order for Plaintiff to be considered fair and adequate representatives of the Class, three requirements must be met: (1) counsel must be qualified, experienced, and generally able to conduct the proposed litigation; (2) the class representative must have sufficient interest in the outcome to ensure vigorous advocacy; and (3) the class representative must not have antagonistic or conflicting interests with other members of the proposed class. *Amchem Products, Inc., supra*, 521 U.S. at 625. "The adequacy inquiry serves to uncover conflicts of interest between named class representatives and the class they seek to represent." *Id.* The Court finds that Plaintiff has and will fairly and adequately represent the interests of the Class and have no interests adverse to the Class Members, and through his attorney of record, Plaintiff has been willing to pay the costs of notice and litigation associated with this action. The Court

also finds that Plaintiff has hired an attorney with significant experience in the handling of both consumer protection class action and other types of complex litigation.

III. **CLASS CERTIFICATION UNDER Fed.R.Civ.P. 23(b)**

A. Plaintiff sought class certification under Fed. R. Civ. P. 23(b)(3), which requires "predominance" and "superiority;" specifically, that Rule provides:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

B. The proposed class satisfies the requirements of Rule 23(b)(3).

C. Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," so "[i]f proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008) (internal citations and quotations omitted).

D. The Court finds that the common questions of law and fact predominate over any individual issues. The class claims involve Defendant's uniform conduct which is alleged to violate the FDCPA. Thus, there are no individual issues respecting liability. The damage claim, which is limited to statutory damages, is

arises by virtue of liability and, like liability, does not involve individual issues. Furthermore, whether any individual class member may have additional FDCPA claims arising from Defendant's specific conduct with respect to that member is irrelevant as statutory damages beyond the maximum cannot be awarded regardless of the number of violations and, here, Defendant has agreed to pay more than the maximum recoverable under the FDCPA.

E. The Court finds that a class action is a superior method for "fairly and efficiently adjudicating the controversy". Fed.R.Civ.P. 23(b)(3). Having in excess of two hundred individual suits repeatedly litigating the same or substantially similar factual and legal issues would be an inefficient use of judicial resources and unfair to the parties.

F. The Court's findings as to predominance and superiority are further supported by consideration of the four enumerated factors under Fed.R.Civ.P. 23(b)(3), namely:

    1. Despite individual notice to each class member, no class member has either opted out or objected which evinces that no class member is interested "in individually controlling the prosecution or defense of separate actions." *Id.*

    2. Counsel for the parties have represented that they are unaware of any other litigation commenced by any class members concerning the same controversy which has been presented here.

    3. At the time of the alleged violative conduct, all of the parties resided within this District and the alleged violative conduct

occurred within this District; therefore, it is desirable to maintain this action in this District.

4. There are no difficulties in managing the class.

IV. **NOTICE.**

A. Notice for a class certified under Fed.R.Civ.P. 23(b)(3) is set forth in Fed.R.Civ.P. 23(c)(2)(B) and requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the Court required individual notice served by regular mail and, in its Order [Doc. 31], approved a form of notice which satisfied the requirements of Fed.R.Civ.P. 23(c)(2)(B)(i) through (vii).

B. Based on the submissions of counsel, of the 221 Class Members served with individual notice in accordance with the Order [Doc. 31], 21 notices were returned by the United States Postal Service as not being delivered. The names and mailing addresses of those 21 Class Members are set forth in the attached Exhibit A on page 16, below. As those Class Members did not receive notice, they are excluded from the Class, reducing the class size to 200.

C. The Notice required under 28 U.S.C. § 1715(b) was served on March 21, 2011.

V. **THE SETTLEMENT IF FAIR, REASONABLE AND ADEQUATE.**

A. Fed.R.Civ.P. 23(e)(2) provides, in part, that the Court may approve a settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."

B. The Court held such a hearing on January 9, 2012 and, for the following reasons, finds that the settlement is fair, reasonable and adequate.

C. Had this matter proceeded as a contested matter and Plaintiff prevailed on all

issues, the following relief constitutes the maximum recovery: (a) up to but no more than $1,000 in statutory damages to Plaintiff; (b) a discretionary incentive award to Plaintiff; (c) up to but no more than the lesser of $500,000 or 1% of defendant's net worth distributable to the Class; and (d) attorney's fees and costs. Such relief would have only been obtained if Plaintiff established all elements for class certification under both Fed.R.Civ.P. 23(a) and (b) and if Plaintiff proved liability. The Court finds that there are several factors which could have arisen which would have led to a result of less than the maximum possible recovery.

D. By settling, Defendant agreed to pay statutory damages of $5,000 increasing the individual class member's distribution to more than the maximum possible recovery under the FDCPA. The parties agreed that any undistributed funds will be paid to South Jersey Legal Services, c/o Douglas Gershuny, Executive Director, 745 Market Street, Camden, NJ 08102.

E. By settling, Plaintiff will be paid $1,000, being the maximum amount of his claim for statutory damages.

F. By settling, Plaintiff and Defendants have agreed that Plaintiff will be paid an incentive award for representing the class in the amount of $1,500, an amount which the Court finds to be fair and reasonable as compensation for Plaintiff's role in prosecuting his claim and obtaining relief for the class.

G. By settling, Class Counsel agreed that he would not submit an application for fees and costs in excess of $27,500.

H. Neither the payment of Plaintiff's statutory damage claim, the incentive award,

nor Class Counsel's award for fees and costs diminish the recovery to the Class.

I. By settling, the parties avoid the costs of continued litigation and avoid the risks of uncertainty inherent in continued litigation and any appeals.

J. Therefore, the Court finds that the Settlement is fair, reasonable and adequate within the meaning of Fed.R.Civ.P. 23(e)(2).

VI. **COUNSEL FEES**

A. The Court approves an award of counsel fees and costs in the amount of $27,500.

B. Class Counsel has submitted the Petition and Declaration of Philip D. Stern setting forth the time expended. Generally, Mr. Stern expended 61.55 hours (which does not include the time expended at the hearing on January 9, 2012 or any anticipated time in making the class distribution); Inna Ryu, Esq., an associate attorney, expended 2.7 hours, and Andrew T. Thomasson, a former law clerk, expended 7.2 hours. The Court finds the time expended to be fair and reasonable.

C. That Petition and Declaration also sets forth the rates requested. Mr. Stern requested a rate of $525 for himself, $300 for Ms. Ryu and $125 for Mr. Thomasson. Based on the submissions, including the findings by three different judges in four class actions who approved those rates for these individuals, the Court finds these rates to be fair and reasonable.

D. That Petition and Declaration also sets forth an itemization of actual costs and expenses in connection with this litigation totaling $497.95, which the Court finds to be fair and reasonable.

E.  The Court is satisfied that Class Counsel is an able and experienced attorney who is well-qualified and who obtained relief by way of settlement which would not have been available through continued litigation which relief provides a significant public benefit and promotes the public policies embodied in the FDCPA.

F.  The sum of the hours and rates together with actual costs and expenses which the Court has found to be fair and reasonable is $34,521.70 however, in the Settlement, the parties agreed that the application would not exceed $27,500. Consequently, the Court finds that $27,500 is fair and reasonable.

Based on the foregoing findings and conclusions as well as those set forth on the record on January 9, 2012, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.  The Court reaffirms its certification in the Order [Doc. 31] that this action be maintained as a class action and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a)  defines the "Class" as:

    > Any Person named as a defendant in a complaint served upon that person in which the complaint named Arrow Financial Services, LLC as the plaintiff and was filed by Forster Garbus & Garbus in the Superior Court of New Jersey, Law Division, Special Civil Part, Cumberland County at any time during the Class Period. The class expressly excludes all Persons who, in accordance with the terms of Agreement, execute a timely request for exclusion ("Opt Out") from the Class.

(b) defines the "Class Claims" as

claims asserting that, during the Class Period, Forster Garber & Garber filed a complaint without meaningful attorney involvement regardless of whether such a claim arises under international, federal, state or local treaty, constitution, statute, regulations or common law. The "Class Period" is defined in the Settlement as "the time period from April 11, 2009 to March 1, 2011."

(c) confirms the appointment of Philip D. Stern, Esq. of Philip D. Stern & Associates, LLC, as class counsel.

2. The Court declares that the notice to the Class satisfied the requirements of Fed.R.Civ.P. 23 and due process.

3. The Court declares that the terms of the Settlement are fair, reasonable and adequate.

4. The Court approves the disbursement of $2,500.00 to Plaintiff, Karl W. Krug.

5. The Court approves the disbursement of $5,000 in equal amounts to the 200 Class Members who received notice of this action and that any funds left over by reason of rounding necessary to make equal payments together with any distribution checks which remains uncashed for more than 120 days shall be paid as a *cy pres* distribution to South Jersey Legal Services, c/o Douglas Gershuny, Executive Director, 745 Market Street, Camden, NJ 08102.

6. The Court approves the award of attorneys' fees and costs to Class Counsel in the amount of $27,500.00 and declares such fees and costs to be fair and reasonable.

7. In accordance with the Settlement, FORSTER, GARBUS & GARBUS shall pay to

the trust account of Class Counsel the total sum of $35,000 within 30 days after the filing of this Final Judgment and that Class Counsel shall distribute those funds in accordance with this Final Judgment and the Settlement after the "Effective Date" as that term is defined in section 10 of the Settlement.

8. The parties are directed to implement the settlement in accordance with the Settlement.

9. In accordance with the Settlement at Paragraph 7.1:

> Upon the Effective Date, the Representative Plaintiff and all Class Members, including their respective current and former officers, directors, employees, attorneys, heirs, executors, administrators, agents, legal representatives, professional corporations, partnerships, assigns and successors to the extent their claims are derived from the claims of Class Members (collectively, the "Releasing Parties"), shall forever release and discharge all claims, including any and all claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any whatever kind, source or character whether arising out of federal or state law (including but not limited to the FDCPA), whether known or unknown, whether asserted or unasserted, whether asserted by any Releasing Party on its own behalf or on behalf of any other person or entity, arising on or before March 1, 2011, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation (including but not limited to the FDCPA), by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters, or addressed in this Agreement, whether any such claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other Persons (the "Released Claims"), against Defendants and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, principals and agents (collectively, the "Released Parties"). Notwithstanding anything in the foregoing to the contrary, with respect to the Class Members, the Released Claims are limited to the Class Claims.

10. In accordance with Settlement at Paragraph 7.3:

> The Releasing Parties are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action of the Released Parties, which is in compliance with the provisions of the Agreement, violates any right of any Class Member.
>
> All persons who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with any or all of the Released Parties respecting any or all of the Released Claims, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against any or all of the Released Parties with respect to any or all of the Released Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the Released Claims. All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or prosecuted against any Released Party.

11. In accordance with Settlement at Paragraph 7.4:

> In addition to the foregoing, Representative Plaintiff shall forever release and discharge all claims, including any and all claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages,

   debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any whatever kind, source or character whether arising out of federal or state law (including but not limited to the FDCPA), whether known or unknown, whether asserted or unasserted, arising on or before the Effective Date, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation (including but not limited to the FDCP A), against Defendants and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, principals and agents.

12. In accordance with the Settlement, all claims against Glenn Garbus are dismissed with prejudice and without costs.

13. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Settlement and this Final Order and Judgment. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

        SO ORDERED:

        _____
        HONORABLE MICHAEL A. SHIPP
        Magistrate Judge, United States District Court


# EXHIBIT A

| | | |
|---|---|---|
| Darnell L. Barnes<br>415 N. Laurel St.<br>Bridgeton, NJ 08302 | Christi Carlino<br>122 E Main St. Apt. 505<br>Milville, NJ 08332 | Melissa L. Munyon<br>959 Sawyer Ave. Apt. 2<br>Cedarville, NJ 08311-0090 |
| Rosemarie G. Bailey<br>1215 N. East Ave.<br>Vineland, NJ 08362-1615 | Jessie Chard<br>5236 Route 49<br>Millville, NJ 08332-8715 | Robert Pierce<br>262 N. Laurel St.<br>Bridgeton, NJ 08302-1520 |
| Vernon Broughton<br>Webster and Grant Ave.<br>Apt. F3<br>Woodbine, NJ 08270 | Rogelio Consuelos<br>52 American Null Ave.<br>Bridgeton, NJ 08302 | Luis P. Roldan<br>19 E. Cherry St.<br>Vineland, NJ 08360 |
| Daniel Calelajanel<br>41 New St.<br>Bridgeton, NJ 08302-2401 | Aracelis Dejesus<br>890 E. Walnut Rd Apt. 56<br>Vineland, NJ 08360-5044 | Taharrah Tolbert<br>515 Whalers Drive<br>Vineland, NJ 08362-1283 |
| Liza Cannon<br>204 Oxford St.<br>Vineland, NJ 08360-2725 | Erida Dejesus<br>12702 Old Village Sq.<br>Tampa, Fl 33612-3647 | Maria Torres<br>1701 E. Broad St. Apt. 719<br>Millville, NJ 08322-1642 |
| Christopher Cardona<br>15 ½ W. McNeal St.<br>Millville, NJ 08332-3713 | Octerrit Gray<br>301 N. Wade Blvd Apt. 208<br>Millville, NJ 08332-8484 | Laura A. Watson<br>951 Main St.<br>Fairton, NJ 08320-0203 |
| Hartley Carola<br>2 Deerfield Dr.<br>Bridgeton, NJ 08302-4200 | John Horvath<br>184A Highland Ave.<br>Vineland, NJ 08361-7817 | Helen L. Wright<br>517 Sharp St.<br>Millville, NJ 08332-2834 |